NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARILYN L. PRICE,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    21-35377

D.C. No. 3:19-cv-05703-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted April 15, 2022[**]
Seattle, Washington

Before:  HAWKINS and FORREST, Circuit Judges, and RESTANI,[***] Judge.

Claimant Marilyn Price appeals from the district court's order affirming the

Commissioner's partial denial of her applications for disability insurance benefits

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

under Title II and supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo and reverse only if the Administrative Law Judge's (ALJ) decision was not supported by substantial evidence or relied on legal error. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

**1. *Chronic Fatigue Syndrome*.** To qualify as a medically determinable impairment (MDI) "a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. §§ 404.1521, 416.921. Social Security Ruling 14-1p provides that the SSA "will find that a person has an MDI of [chronic fatigue syndrome (CFS)] if a licensed physician diagnosed CFS, and this diagnosis is not inconsistent with the other evidence in the person's case record." SSR 14-1P (S.S.A. Apr. 3, 2014). The record supports the ALJ's finding that there was no official diagnosis of CFS. Although Dr. Uy said Price "appears to have chronic fatigue," Dr. Keene subsequently noted that "final [diagnosis] of Chronic Fatigue will be deferred until after the planned neurology followup." We find no error in the ALJ's finding regarding CFS. [1]

---

[1] Price argues that the ALJ erred by not explaining why he disagreed with the prior ALJ's finding regarding CFS. However, the district court reversed the prior ALJ decision, and Price has offered no authority requiring a second ALJ to explain the specific reasons for making different findings than a prior, vacated ALJ decision.

**2. *Depression and Anxiety*.** Price makes several general arguments challenging the ALJ's evaluation of mental health medical evidence. The ALJ properly evaluated the medical evidence regarding Price's depression and anxiety and gave "clear and convincing reasons supported by substantial evidence in the record" for the weight he gave to each medical opinion. *Ford*, 950 F.3d at 1154 (internal quotation marks and citation omitted). For instance, the ALJ accurately analyzed opinions from Dr. Mayer and Ms. Geist and provided detailed explanations for why he gave them significant weight when assessing severity and residual functional capacity (RFC).[2] We find no error in the ALJ's analysis of the medical evidence regarding Price's depression and anxiety.

**3. *Price's Testimony*.** The ALJ provided "specific, clear, and convincing reasons" supported by substantial evidence for discounting Price's testimony regarding the intensity, persistence, and limiting effects of her symptoms. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (internal quotation marks and citation omitted). The ALJ noted that prior to 2013 the medical evidence showed very limited treatment for any mental impairments and that the treatment notes from January 2013 to June 2015 showed mild symptoms and limited treatment. As explained

---

[2]To the extent Price argues that the ALJ failed to consider Dr. Davenport's opinion that her depression affected her ability to perform skilled work, her argument fails because the ALJ specifically found that Price has been unable to perform her past skilled work and included limitations in the RFC to account for her impairment.

above, the ALJ did not err by not considering Price's testimony about limitations cause by CFS. Nor did the ALJ err in discounting Price's testimony about the extent of limitations associated with her depression where the medical evidence supports the ALJ's reasoning concerning the sparse and limited nature of Price's treatment. We find no error in the ALJ's assessment of Price's testimony.

**4. *Lay Evidence***. The ALJ discounted lay evidence from Price's sister and friend for germane reasons. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). The ALJ considered this evidence but gave more weight to the opinions of doctors who assessed Price's limitations. Because the statements of these witnesses recounted the same complaints as Price, the ALJ provided sufficient reasoning to discount them. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that where an ALJ cited inconsistency with medical evidence as a clear and convincing reason to discount a claimant's testimony, he also provides germane reasons to discount a lay witness's similar testimony).

Price also argues that the ALJ erred by failing to consider a Social Security interviewer's observation that Price looked tired during her interview but does not explain how it affected the ALJ's decision. Thus, we find that any error was harmless.

**5. *RFC Assessment and Step Five Finding***. The ALJ conducted a careful RFC assessment that weighed all medical opinions and accounted for Price's

depressed condition with non-exertional limitations. For instance, the ALJ gave Dr. Mayers significant weight because she personally examined Price and her opinions were consistent with other mental health examinations in the record. The ALJ did not err in declining to consider properly discounted evidence when determining Price's RFC. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012).

**AFFIRMED.**